**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4194**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MIGUEL ANGEL CRUZ-POLANCO,

Defendant - Appellant.

**No. 19-4285**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MIGUEL ANGEL CRUZ-POLANCO, a/k/a Luis Hernandez,

Defendant - Appellant.

Appeals from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:18-cr-00041-GMG-RWT-1; 3:18-cr-00020-GMG-RWT-1)

Submitted:  November 27, 2019                    Decided:  December 18, 2019

Before KEENAN, DIAZ, and THACKER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Charles T. Berry, Kingmont, West Virginia, for Appellant. Shawn Michael Adkins, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miguel Angel Cruz-Polanco (Cruz) pled guilty pursuant to a plea agreement to aiding and abetting the distribution of cocaine, in violation of 18 U.S.C. § 2 (2018) and 21 U.S.C. § 841(a)(1), (b)(1)(C) (2018), and reentry by an alien removed after conviction for a felony, in violation of 8 U.S.C. § 1326(a), (b) (2018). The district court sentenced Cruz to concurrent terms of 137 months' imprisonment.

In these consolidated appeals, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as issues for review whether trial counsel rendered ineffective assistance in advising Cruz to plead guilty pursuant to the plea agreement and in failing to procure a plea agreement that guaranteed him a reduction to his offense level under the Sentencing Guidelines for acceptance of responsibility, *see* U.S. Sentencing Guidelines Manual § 3E1.1 (2018); whether the district court procedurally erred in declining to reduce Cruz's offense level three levels under USSG § 3E1.1 for acceptance of responsibility; and whether the Government committed prosecutorial misconduct by failing to recommend that Cruz receive a three-level reduction to his offense level under USSG § 3E1.1 for acceptance of responsibility. Cruz was informed of his right to file a pro se supplemental brief, but he has not done so. The Government elected not to file a brief and does not seek to enforce the appeal waiver in Cruz's plea agreement.[*] We affirm.

_____

[*] Because the Government fails to assert the appeal waiver as a bar to these appeals, we may consider the issues raised by counsel and conduct an independent review of the (Continued)

3

Counsel first questions whether trial counsel rendered ineffective assistance. To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, we may address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears on the face of the record. *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). After review, we conclude that ineffective assistance by trial counsel does not conclusively appear on the face of this record. We therefore decline to address these claims.

Next, counsel questions whether the district court committed procedural sentencing error. We review a sentence for reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007); *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015). In doing so, we examine the sentence for procedural error, which includes "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2018)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Lymas*, 781 F.3d at 111-12 (quoting *Gall*, 552 U.S. at 51).

We review the district court's "acceptance-of-responsibility determination for clear error." *United States v. Burns*, 781 F.3d 688, 692 (4th Cir. 2015). Under the Guidelines,

---

record pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

a defendant is eligible for a two-level reduction in his offense level if he "clearly demonstrates acceptance of responsibility" for his offenses. USSG § 3E1.1(a). Additionally, if the defendant qualifies for a reduction under subsection (a) and his offense level is 16 or greater, he is eligible for an additional 1-level reduction upon the motion of the Government. USSG § 3E1.1(b). An offense-level reduction for acceptance of responsibility does not result automatically from the entry of a guilty plea; rather, to receive such a reduction, "the defendant must prove by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." *United States v. May*, 359 F.3d 683, 693 (4th Cir. 2004) (internal quotation marks omitted). When determining whether a defendant is deserving of the acceptance of responsibility reduction, a court is to consider, among other factors, whether the defendant voluntarily terminated or withdrew from criminal conduct or associations. USSG § 3E1.1 cmt. n.1(B).

The district court's choice to decline to afford Cruz a three-level reduction under USSG § 3E1.1 is supported by information in the presentence report the district court adopted establishing that Cruz did not terminate or withdraw from criminal conduct or associations after pleading guilty. Instead, Cruz continued to engage in criminal conduct by possessing and distributing a controlled substance and possessing a weapon while an inmate of a jail. Because Cruz did not terminate or withdraw from criminal conduct or associations following his guilty plea, the district court did not commit procedural sentencing error in determining that he did not deserve a three-level reduction to his offense level under USSG § 3E1.1 for acceptance of responsibility.

5

Counsel also questions whether the Government committed prosecutorial misconduct. "When asserting a prosecutorial misconduct claim, a defendant bears the burden of showing (1) that the prosecutor[] engaged in improper conduct, and (2) that such conduct prejudiced the defendant's substantial rights so as to deny the defendant a fair trial." *United States v. Alerre*, 430 F.3d 681, 689 (4th Cir. 2005). Here, Cruz has failed to demonstrate that the Government engaged in any improper conduct.

Finally, in accordance with *Anders*, we have reviewed the remainder of the record and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Cruz, in writing, of the right to petition the Supreme Court of the United States for further review. If Cruz requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cruz.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*